PER CURIAM.
Joseph Badagliacca appeals the denial of the motion for post-conviction relief he filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure. The motion alleges ineffective assistance of counsel on nineteen grounds. Except in one minor particular, we affirm the trial court’s thorough order.
Among other things, Mr. Badagliacca contends that trial counsel was ineffective for advising him to enter into a negotiated plea agreement without warning him that, should he fail to keep the plea agreement, the agreement provided that any and all statements that he had made could be used against him in any subsequent trial. The motion alleges that, if he had known of this contingency, he never would have entered into the negotiated plea agreement, and did not intend to waive objection to the use of any statement as evidence. The trial court found that Mr. Badagliacca “entered his plea knowing that his incriminating statements could be used against him if he failed to comply with the plea agreement.” In support, the trial court provided a citation to pages of the transcript that were not, however, attached to the order.
We reverse and remand for record attachments conclusively establishing that trial counsel did not render ineffective assistance by failing to ensure that Mr. Bad-agliacca knew that, if he breached the plea agreement, the statements could be used at trial. See Robinson v. State, 984 So.2d 1281 (Fla. 1st DCA 2008). We affirm as to all other grounds.
*1291 REVERSED in part, AFFIRMED in part.
BARFIELD, KAHN, and BENTON, JJ., concur.